ROBERT E. FREY, ESQ. Village Attorney, Mamaroneck
We acknowledge receipt of your letter in which you state:
 "The Village of Mamaroneck, which operates under the Village Manager system, with a Village Board consisting of a Mayor and four Trustees, recently has had vacancies caused by resignations on its Board of Appeals, Human Rights Commission, Recreation and Parks Commission and Board of Fire Inspectors. The question arises as to who has the power to fill these vacancies.
 "All of these Boards and Commissions were created by local laws and these local laws provide that vacancies shall be filled by the Board of Trustees, except that the Zoning Ordinance states that members of the Board of Appeals are `appointed from time to time by the Board of Trustees'. None of these local laws makes specific reference to vacancies caused by resignations.
 "An issue has arisen as to who has the power to fill these vacancies. * * *"
You inquire where the power lies to fill vacancies in these offices. We enclose herewith a copy of an informal opinion of the Attorney General reported in 1974 Op. Atty. Gen. 253, in which we concluded that as to villages operating under the Village Manager form of government at the time of enactment of the new Village Law in 1973, the provisions contained in the former Village Law §§ 360 through 374 (Article 15-A) concerning the Village Manager form of government still continue in effect. In an informal opinion of the Attorney General reported in 1971 Op. Atty. Gen. 108, which was before the new Village Law was enacted, we concluded that the provisions of the then Village Law § 373 could be superseded by local law. This conclusion, as is demonstrated by the 1974 opinion, still expresses the law. We enclose copies of those opinions for your convenience.
In our opinion, in the Village of Mamaroneck, which operates under the Village Manager form of government, the local laws creating the several boards and commissions mentioned in your letter and which provide for the manner of appointing the officers required for the functions therein created, still govern the manner in which those officers are appointed. It is fundamental that the power to appoint to an office for a full term includes the right to appoint to fill a vacancy in that office in the absence of a contrary provision in a statute. In this case, there is no operative contrary provision. Thus, in your particular village, which operates under the Village Manager form of government, as such form has been modified by local laws relating to appointment of certain officers, the authority to fill vacancies in those certain offices lies with the village board of trustees.
In connection with the Board of Appeals, you mentioned a zoning ordiance as giving the power to appoint to the board of trustees of the village. If zoning in the village is provided by an ordinance, that portion thereof which gives to the village board of trustees the power to appoint was not sufficient to supersede the provision in the former Village Law which placed that power with the village manager. On the other hand, if zoning is provided pursuant to a local law, even though it is still called a zoning ordinance, and if that local law places the power of appointment with the board of trustees, that board has the power to appoint.